NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| S.P., | : |
| Plaintiff, | : |
| v. | : Civil No. 21-4325 (RBK) |
|  | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff S.P.'s Appeal (Doc. No. 1) from the final decision of the Commissioner of the Social Security Administration denying her application for Social Security Disability benefits. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to Local Civil Rule 9.1(b), finds that the Commissioner's decision will be **AFFIRMED**.

## I.    PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Security Benefits and Supplemental Security Income Benefits on February 28, 2019 and March 10, 2019. (R. 237-52). After her applications were denied initially and upon reconsideration, Plaintiff requested a de novo hearing. (R. 63-94). At the hearing, which was held on May 27, 2020, Plaintiff appeared with counsel before an Administrative Law Judge ("ALJ"). (*Id.*). The ALJ issued an unfavorable decision on June 18, 2020. (R. 7-31).

The ALJ found that Plaintiff had the following severe impairments: lupus, fibromyalgia,

migraines, degenerative disc disease, asthma, and anxiety disorder. (R. 13). The ALJ then found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926). (*Id.*). The ALJ found that Plaintiff's other conditions, such as hemorrhoids, colitis, diarrhea, constipation, GERD and obstructive sleep apnea were non-severe. (*Id.*).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following additional conditions:

> lift/carry 10 pounds occasionally, lift/carry less than ten pounds frequently, stand/walk for two hours in an 8 hour work day, sit for 6 hours in an eight hour work day, occasional ramps and stairs, no ladders, ropes or scaffolds, occasional balancing, stooping, kneeling, crouching or crawling, should avoid and have less than occasional exposure to pulmonary irritants, no unprotected heights or hazardous machinery, frequent handling and fingering, able to understand, remember and carry out simple and detailed repetitive tasks in a routine environment involving simple work related decisions with few changes and can work for two hours before needing a break.

(R. 16).

Considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ identified jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (R. 25). These are: document preparer DOT 249.587-018 unskilled SVP 2 sedentary with 15,000 jobs nationally, call out operator DOT 237.367-014, unskilled, SVP 2, sedentary with 7,000 jobs nationally, and printed circuit board assembly inspector DOT 726.684-110, unskilled SVP 2, sedentary with 9,500 jobs nationally. (R. 25-26). Plaintiff requested a review of the ALJ's decision by the Appeals Council, which was denied on December 14, 2020. (R. 1-6). Thereafter, Plaintiff filed this action for judicial review. (Doc. No. 1).

## II.     LEGAL STANDARD

### A. Sequential Evaluation Process

In order to receive benefits under the Social Security Act ("SSA"), the claimant must be disabled within the meaning of the Act. The Commissioner applies a five-step evaluation process to make this determination. *See* 20 C.F.R. § 404.1520.

For the first four steps of the evaluation process, the claimant has the burden of establishing his disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the claimant must show that she was not engaged in "substantial gainful activity" for the relevant time period. 20 C.F.R. § 404.1572. Second, the claimant must demonstrate that she has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 404.1509. Third, either the claimant shows that her condition was one of the Commissioner's listed impairments, and is therefore disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii). Fourth, if the condition is not equivalent to a listed impairment, the ALJ must assess the claimant's residual functional capacity ("RFC"), and the claimant must show that she cannot perform her past work. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1520(e). If the claimant meets her burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish that other available work exists that the claimant can perform based on her RFC, age, education, and work experience. 20 C.F.R. § 404.1520 (a)(4)(v); *Zirnsak*, 777 F.3d at 612. If the claimant can make "an adjustment to other work," she is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

### B. Review of the Commissioner's Decision

This Court reviews the ALJ's application of the law under a de novo standard and the ALJ's factual findings under a substantial evidence standard. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007) (citing 42 U.S.C. 405(g)); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); and *Monsour Med. CR. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this Court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf v. Callahan*, 927 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 110, 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

### III. DISCUSSION

Plaintiff contends that the ALJ improperly evaluated the medical evidence. Specifically, Plaintiff argues that the ALJ's treatment of the impairments she found non-severe (hemorrhoids, colitis, diarrhea, constipation, GERD and obstructive sleep apnea) were deemed non-severe in a conclusory statement, without enough analysis to allow for meaningful review. Further, the ALJ never mentions Plaintiff's transient ischemic attacks (TIAs) as either severe or non-severe despite medical evidence of the conditions. The ALJ similarly glosses over Plaintiff's fibromyalgia and lupus. The ALJ only cites to the Listings 1.04, 14.02 and SSR 12-2p and then makes a conclusory statement that "The specific criteria of the listing are not met." (R. 13). The ALJ goes on to state: "Importantly, the claimant's impairments do not medically equal the severity of any of the listings because the record does not contain a prior administrative medical finding from a State agency consultant or evidence from a medical expert supporting a finding of medical equivalence (SSR 17-2p)." (R. 14).

The Commissioner responds that, so long as a claim is not denied at Step Two, it is not necessary for the ALJ to have specifically found any additional alleged impairment to be severe. When faced with the argument that the ALJ erred in finding a particular impairment non-severe, courts in this Circuit deem the error harmless so long as the plaintiff prevailed at Step Two. *See Vella v. Saul*, No. 2:18-cv-8655, 2020 U.S. Dist. LEXIS 124176, at *15 (D.N.J. July 9, 2020) (collecting cases). We will do the same.

Regarding TIAs, while the ALJ never specifically indicates if they are severe or non-severe, she does discuss them. (R. 17-19). In particular, she notes that the right-sided symptoms from April 2017 were deemed by one physician as a TIA and another physician as "functional." (R. 18). The ALJ also identified treatment notes from December 2018 which stated, "TIAs are

5

certainly possible given a diagnosis of lupus is being considered though having the same symptoms each time makes it somewhat less likely." (R. 19). Plaintiff carried the burden at that step to show that the impairment was severe, and she has not indicated a reason why they should be deemed so. Even if the ALJ failed to explicitly state the severity of Plaintiff's possible TIAs, she considered and discussed the medical evidence about them and appears to have treated them as non-severe. Any error was harmless.

Regarding fibromyalgia and lupus, the Commissioner argues that any limitations arising from these impairments are already accounted for in the RFC. Specifically, the RFC is limited to sedentary exertional work and simple, repetitive tasks with few changes. (R. 24).

The ALJ complied with SSR 12-2p because she found fibromyalgia to be a severe impairment. *See Linke v. Berryhill*, Civil Action No. 17-937, 2018 U.S. Dist. LEXIS 124188, at *6 (W.D. Pa. July 25, 2018) (collecting cases where remand was unnecessary because the ALJ accepted plaintiff's fibromyalgia as severe).

The ALJ also complied with SSR 17-2p, which states in relevant part:

> If an adjudicator at the hearings or AC level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, **the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment**. Generally, **a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding**. An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.

SSR 17-2p, 2017 SSR LEXIS 2, 2017 WL 3928306, at *4 (S.S.A. Mar. 27, 2017) (emphasis added). However conclusory the ALJ's statements on lupus are, they meet the demands of SSR 17-2p and are not a basis for remand.

Plaintiff makes several other arguments. Plaintiff takes issue with the ALJ's treatment of Plaintiff's mother's third-party adult function report. The ALJ noted that it was "very similar to the claimant's responses on her function report." (R. 17). Plaintiff argues that this should be unsurprising, since they are both describing Plaintiff's conditions. Plaintiff further argues that the ALJ does not explain the report's relevancy or how it impacted the Judge's determination.

On review we find the ALJ's treatment of Plaintiff's mother's report satisfactory. It is unclear how the ALJ's comparison between Plaintiff's mother's report and Plaintiff's own report is a basis for remand, and Plaintiff does not explain why that would be so. The ALJ's explanation of Plaintiff's mother's report is substantial enough to indicate it was considered and to allow for meaningful judicial review. The ALJ stated that the report supports Plaintiff's claims of high anxiety and need to limit changes to routine. (R. 17). These impairments are discussed elsewhere in the ALJ's findings (*e.g.*, R. 15-16) and later incorporated into the RFC. (R. 24).

Plaintiff criticizes the ALJ's mentioning of Plaintiff's ability to walk a block, drive her son to and from school, and prepare sandwiches. Plaintiff argues that these findings cannot equate to substantial gainful activity per 20 C.F.R. § 404.1572(c). ("Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity"). However, the ALJ never said that these activities are considered substantial gainful activity. The ALJ was merely summarizing the function reports and hearing testimony. (*See* R. 16-17).

Plaintiff makes a general statement criticizing ALJ's weighing of the evidence, which involved placing more weight on evidence less favorable to Plaintiff. On review, we do not re-weigh conflicting evidence. We examine the record and the ALJ's findings under a standard of substantial evidence, which does not permit this Court to "reweigh the evidence and review the Commissioner's findings and decision *de novo*." *Davern v. Comm'r of Soc. Sec.,* 660 Fed. Appx. 169, 173-74 (3d Cir. 2016) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005), and *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

Plaintiff argues that the ALJ erred when she found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms is inconsistent with the record. (R. 23). Plaintiff points to parts of the record that corroborate Plaintiff's statements about her symptoms. (*E.g.*, R. 127, 142, 166-67, 187).

The voluminous record contains evidence that both substantiates and contradicts Plaintiff's statements about the severity of her symptoms. Substantial evidence exists supporting the ALJ's analysis that the Plaintiff's symptoms are not as intense as Plaintiff says they are. The ALJ discussed the evidence regarding Plaintiff's normal strength, normal muscle tone, ability to control asthma symptoms, conservative treatment of cervical pain including forgoing steroid injections, and lack of mental health treatment. (R. 23-24). Plaintiff may disagree about the ALJ's weighing of the evidence, but that is not a basis for remand under the substantial evidence standard.

Plaintiff's next argument is that the RFC limitation that Plaintiff can sit for six hours in an eight-hour workday (R. 16) is not supported by substantial evidence because Plaintiff testified she can only sit for up to one hour before needing to move. (*E.g.*, R. 77). But Plaintiff's testimony is not the only evidence in the record. The ALJ cited the testimony of state agency

medical consultant Dr. Toros Shahinian for the opinion that Plaintiff can perform "light exertional work with all postural." (R. 22). Plaintiff has not articulated a deficiency with the consideration of Dr. Shanihian's opinion, and we see none.

Plaintiff's final argument is that the jobs the ALJ cited as existing in significant numbers in the national economy are lacking in New Jersey. The VE testified that Plaintiff could perform the job of document preparer DOT 249.587-018, with 15,000 jobs available nationally, call out operator DOT 237.367-014, with 7,000 jobs available nationally, and PC board assembly inspector DOT 726.684-110, with 9,500 jobs available nationally (R. 72). Plaintiff points out that these jobs have only 300, 40, and 190 positions available, respectively, in New Jersey. Plaintiff suggests a more demanding standard than there is. At Step Five, the ALJ meets her burden by showing that work exists in the *national* economy, meaning that there are significant number of jobs having requirements which Plaintiff can meet with her physical or mental abilities and vocational qualifications. 20 C.F.R. § 416.966(b). The ALJ did so here, and we decline to enforce a geographic standard stricter than the one set forth in the regulation.

IV. **CONCLUSION**

For the foregoing reasons, the ALJ's determination is **AFFIRMED**.

Dated: August 18, 2022                                    /s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge

9